MANUEL CALDERÓN-RIVERA, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 563. Argued March 14, 1927.—Decided March 24, 1927.

*Luis Campillo* for the petitioner. *Manuel Benítez Flores* for the defendant.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the instance of the plaintiff in an action for divorce this court issued a writ of certiorari to the District Court of San Juan directing it to send up the record of the case for a review of the order of the court appointing a receiver to take possession of the property of the litigants and especially

that of the Polo Norte, a commercial partnership, and to manage it pending a final disposition of the action. The record was sent up and a hearing was had, both parties being represented by counsel.

It appears from the record before us that the action for divorce was brought in the lower court on the 7th of January, of this year; that twenty days later the defendant appeared and demurred to her husband's complaint on the ground of lack of facts sufficient to state a cause of action; that on the same day she moved the court to appoint a receiver to take possession of the community property and manage it until a final decision should be rendered in the action for divorce; that in the complaint in the action for divorce it was alleged that there existed community property belonging to the conjugal partnership; that said property is under the exclusive control of her husband who has always refused to give an account to the defendant of the income and profits therefrom as well as to allow her intervention therein; that she has been informed that said property produces $1,400 monthly of which sum her husband gives her only $300 each month, although she is entitled to half of that income, and without having received any sum whatever since the filing of the complaint; that she does not agree to leaving the exclusive management of that property to her husband who has been managing it to the exclusion of the petitioner, without having given her an account of its investment, and that since her husband has sued her for divorce without any cause or reason, the defendant doubts the good faith of her husband, does not believe that the community property is well managed and believes that he will attempt to defraud her. Moreover, it was alleged that the community property consisted of a house, two trucks, the factory known as Polo Norte situated in this city and of a similar branch factory in Humacao, which properties are valued at $60,800. But it appears from the record that the factory in Humacao does not

belong to the spouses nor have they any interest therein; that the two trucks do not belong to them, but to the Polo Norte, which is owned by the firm of Successors of Rivero & Co., Ltd., organized by public deed on the 31st of December, 1923, in which the husband of the petitioner is the managing partner with an interest of $5,500 and Angel Rivero is the silent partner with $2,500, and according to the partnership agreement the managing partner can draw only $175 monthly to be charged to his private account; that the only property acquired during the marriage are the above interest in the partnership and the house which is rented for $60 a month and valued at $10,000, a part of which is still owing. No evidence was introduced in the lower court showing bad management on the part of the husband.

According to sections 159 and 1327 of the Civil Code the husband is the administrator of the conjugal property unless otherwise stipulated. Section 161 makes him the legal representative of the conjugal partnership and under section 1328 he can not give, sell, or bind for a consideration the real property of the conjugal partnership without the express consent of the wife. Section 169 provides that from the day proceedings in a suit for divorce are begun no debt contracted by the husband or the wife on account of the community property shall be valid unless authorized by the court.

As may be seen from the statutes cited, although the husband has the free management of the community property, he can not sell or encumber it without his wife's consent, and during the pendency of divorce proceedings between the spouses the law restricts the administration by providing that the husband shall not contract debts for which the community property might be liable without judicial authority. They also show the error of the wife in the present case, as appears from her petition, as to her husband's being bound to render her an account of all the acts of his management, to let her

have a share in said management and to give to his wife monthly one-half of the income from the property.

We have cited also the said statutes because, as they show the intention of the legislators to leave the exclusive administration of said property to the husband during the marriage, there must be, in order to deprive him of that capacity, weighty reasons to justify such a measure. The mere allegation of the existence of an action for divorce and the simple belief of the wife that because she was sued by the husband he will attempt to defraud her in regard to the community property, do not authorize the court to take the management thereof from the husband and appoint a third person as receiver; and still less since, once the action of divorce has begun, the plaintiff can not contract debts affecting the community property, the wife being thus protected.

The foregoing considerations are in general terms, because if the motion had alleged facts to give jurisdiction to the court for the appointment of a receiver, even then the receiver could not be authorized to manage the property of Successors of Rivero & Co., Ltd., for the reason that the latter is a juridical person not a party to the action and as the husband is only entitled to any profits therefrom, the wife has no right, in order to secure the community property, to have a receiver admitted into the management of the firm and have access to its industrial and commercial secrets. A case similar to the present is that of *Quintana Bros. & Co.* v. *S. Ramírez & Co.*, 22 P.R.R. 707.

For the foregoing reasons the order of the lower court appointing a receiver must be set aside.